**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Emmit LONG, Defendant-Appellant.**

No. 86–3139.

United States Court of Appeals, Seventh Circuit.

Argued June 9, 1987.

Decided July 17, 1987.

Kent R. Carlson, Chicago, Ill., for defendant-appellant.

Therese Cesar Garza, Asst. U.S. Atty., Anton Valukas, U.S. Atty., U.S. Attorney's Office, Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, FLAUM, and EASTERBROOK, Circuit Judges.

PER CURIAM.

Emmit Long twice has been tried and convicted of distributing controlled substances, in violation of 21 U.S.C. § 841. Long was first convicted in September 1983, sentenced to three years' imprisonment, and released on bond pending appeal. We dismissed Long's appeal on February 3, 1985, pursuant to Fed.R.App.P. 42(b). Still free on bond, Long returned to the well and on four occasions in February and March 1985 sold cocaine to undercover FBI agents; Long was arrested for these offenses on April 24, 1985.

At the time of his 1985 arrest the FBI sought (as they had following his earlier arrest) to obtain Long's cooperation in investigating allegations that Long had bribed police officers of Chicago to allow him to continue his drug business. With authorization from the U.S. Attorney's office, the FBI told Long that if he cooperated the charges for his 1985 sales were "negotiable", and the government might drop its forfeiture action against his house. Long claimed both that he couldn't cooperate because he didn't know of any corruption and that he would be killed if he did cooperate. On April 26, 1985, two days after his arrest (and more than two months after we dismissed his appeal), Long was ordered to begin serving the sentence from his first conviction.

Attempts at gaining Long's cooperation continued. In May 1985 the government dismissed the charges for the 1985 sales. Agents visited Long in February 1986 in prison. They advised Long that he would be charged anew with the 1985 sales and told him that if he cooperated they would "talk to" the U.S. Attorney "to see what could be done" about the charges and the forfeiture proceedings. Long again refused to cooperate and was indicted on May 8, 1986, for the 1985 sales.

Long moved to dismiss this indictment, arguing that it was obtained as a result of "prosecutorial vindictiveness" in response to his refusal to cooperate. The district court denied the motion without holding an evidentiary hearing. Long waived a jury trial and was convicted on all four counts of illegal distribution. The court ultimately sentenced Long to five years' imprisonment on each count, to run concurrently, followed by a special parole term of six years. His sole argument on appeal is that the district court should have held an evidentiary hearing on his motion to dismiss.

Because the district court did not hold a hearing on Long's motion to dismiss the indictment, we assume that Long could prove that the prosecution had the motivations Long alleges. Long asserts that the government delayed his surrender date for his first conviction in order to obtain leverage in its attempts at gaining Long's cooperation, and then set a surrender date to punish Long for refusing to cooperate. Long also claims that the government delayed indicting him on the 1985 sales in order to gain his cooperation, and obtained the indictment only out of anger at being rebuffed again.

■ The Due Process Clause of the fifth amendment prohibits the government from "punish[ing] a person because he has done what the law plainly allows him to do". *United States v. Goodwin,* 457 U.S. 368, 372, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74 (1982). The Supreme Court has accordingly held unconstitutional increased punishment upon retrial after appeal when the increase is caused by "vindictiveness". *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Blackledge v. Perry,* 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974). Cf. *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (declining to presume vindictiveness from a prosecutor's bringing additional charges against a defendant who refuses to plead guilty). This proscription of prosecutorial vindictiveness, however, is grounded in the notion that "while an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right." *Goodwin,* 457 U.S. at 372, 102 S.Ct. at 2488; see also *Bordenkircher,* 434 U.S. at 363, 98 S.Ct. at 667. The constitutional protection, therefore, kicks in only when the government acts in response to the defendant's exercise of a protected right.

■ This realization sinks both of Long's claims of prosecutorial vindictiveness, because of *Roberts v. United States,* 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980). *Roberts* holds that a district court may properly consider, when imposing sentence, a defendant's refusal to cooperate. The Court found that, far from having a right not to cooperate, every citizen has a *duty* to cooperate and report criminal activity, a duty grounded in the responsibilities of community life. *Id.* at 558, 100 S.Ct. at 1363. Long claims that he was treated adversely because he refused to cooperate; *Roberts* says that the government may penalize such a refusal, and so under *Goodwin* and *Bordenkircher* there is no due process violation.

Moreover, it is difficult to see how the mere allegation that Long was disadvantaged by refusing to cooperate could, without more, suffice to show "vindictiveness". A defendant may suffer some relative disadvantage because he exercises a right. The sentencing differential between the outcome of a trial and the outcome of a plea bargain could be called a "penalty" on the exercise of a right. Yet the Supreme Court has upheld plea bargaining, see *Mabry v. Johnson,* 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984); *Blackledge v. Allison,* 431 U.S. 63, 71, 97 S.Ct. 1621, 1627, 52 L.Ed.2d 136 (1977). Plea bargaining rewards a defendant for waiving his right to put the prosecution to its proof; accordingly, it disadvantages (relative to the reward he could have received) a defendant who exercises his right and refuses to plea bargain. Still, only if the refusal causes the defendant to be treated worse than he would have been if no plea bargain had been offered would the result raise constitutional concerns. See *Bordenkircher,* 434 U.S. at 360–61, 98 S.Ct. at 666–67.

Long claims that the government set his surrender date and obtained his indictment out of spite because of his refusal to cooperate; yet there could be prosecutorial vindictiveness only if his refusal resulted in treatment harsher than would have occurred if the government had not sought his assistance. Long has not offered to prove that he was disadvantaged to such an extent.

Long argues finally that he was unduly prejudiced by the government's delay in indicting him for the 1985 sales, because this reduced his opportunity of serving his second sentence concurrently with his first. Long began serving the earlier sentence on April 26, 1985, two days after his arrest for the 1985 sales. Had he been more quickly brought to trial, convicted, and sentenced, he could have served part of the later sentence concurrently with the earlier.

Although Long does not specify, this argument also sounds in the Due Process Clause of the fifth amendment, which limits pre-indictment delays that cause substantial prejudice. *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971). The argument fails for an inadequate showing of prejudice: nothing prevented the court from taking into account, in sentencing Long for the later conviction, the time Long had served while awaiting trial. This is made clear by *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), where a federal parolee was imprisoned for crimes committed while on parole and sought an immediate parole revocation hearing so that he could serve his earlier sentence concurrently with his later sentences. The Supreme Court found that the parolee was not prejudiced by a delayed hearing, because the Parole Commission had full discretion "to grant, retroactively, the equivalent of concurrent sentences". *Id.* at 87, 97 S.Ct. at 279. This is so here, too. District judges, within statutory constraints, have wide discretion in fashioning sentences. See *United States v. Sato*, 814 F.2d 449, 451 (7th Cir.1987); *United States v. Mitchell*, 788 F.2d 1232, 1237 (7th Cir.1986). Cf. *United States v. Hornick*, 815 F.2d 1156 (7th Cir.

1987) (district court is without authority to award credit for custody prior to the commencement of the sentence). The district judge was free to reduce the sentence she imposed to take into account the time that Long had served. Indeed, she may have done just that; she first sentenced Long to eight years and some weeks later, without explanation, reduced the time to five years. Long was not prejudiced by the delay in bringing the indictment.

AFFIRMED.