25 F.3d 1053
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Mark MOSLEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1263.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 21, 1994.
Decided June 3, 1994.[1]
 
 Before FAIRCHILD, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner appeals from a district court order denying his August 1991 motion to reconsider a May 1990 contempt finding imposed pursuant to 28 U.S.C. Sec. 1826.
 
 
 2
 In 1989, petitioner was convicted of cocaine distribution. The record shows that just prior to his arrest, petitioner escaped with $20,000 in government funds paid to petitioner by an undercover agent. At sentencing the judge declined to require petitioner to immediately repay the $20,000; but she made restitution a condition of the supervised release following 97 months' incarceration.
 
 
 3
 Later, the court granted immunity to petitioner (who was then a federal prisoner) and called him to testify before a grand jury regarding the identity of his confederate, the source of the cocaine, and the location of the missing money and other matters regarding the illegal trafficking of drugs. Petitioner refused to testify on the basis that he feared for the safety of his family. On May 3, 1990, the district court found petitioner in civil contempt and committed him to the custody of the United States Marshal until such time as he obeyed the order to testify before the grand jury, or until the term of the grand jury expired, but in no event for more than 18 months. During the period he served for contempt, petitioner was to receive no credit for the federal sentence he had been serving. No appeal was taken from this order.
 
 
 4
 On August 1, 1991, 15 months after the commitment for civil contempt, petitioner filed a motion for reconsideration[2] of the contempt order. On September 30, 1991, the Special April 1990 Grand Jury expired.[3] On December 23, 1991, the district court denied petitioner's motion and petitioner now appeals. Because the civil contempt order provided that time served would not be credited against the interrupted criminal sentence, the propriety of the contempt order is not moot.
 
 
 5
 Petitioner argues that the prosecutor's decision to call him before a grand jury was vindictive because the prosecutor was angry that the original sentencing judge did not demand that petitioner return the $20,000 immediately. We agree with the district court that there is nothing in the record indicating such vindictiveness. In fact, attempting to recover $20,000 of government funds and further investigating the large-scale drug dealings petitioner had been involved with are legitimate objectives of the government. See United States v. Long, 823 F.2d 1209 (7th Cir.1987). Moreover, this ground was not raised at the time of the contempt hearing; instead, at that time petitioner pointed only to a vague fear for his family's safety.
 
 
 6
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [2]
 Petitioner actually filed a "brief and appendix" with the district court, stating that he was appealing from the May 3, 1990 contempt order. He also filed a 28 U.S.C. Sec. 2255 petition to set aside his civil contempt commitment. The district court forwarded the brief and petition to this court, and we declined to docket the appeal. The case was returned to the district court and construed as a motion to reconsider the contempt order
 
 
 [3]
 Thus, petitioner served 17 months (516 days), satisfying the contempt order on September 30, 1991