**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Nathaniel WILLIAMS, Defendant–
Appellee.**

**No. 94–5329.**

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 28, 1994.

Decided Feb. 15, 1995.

**ARGUED:** Vincent L. Gambale, Asst. U.S. Atty., Alexandria, VA, for appellant. Stanley E. Sacks, Sacks, Sacks & Imprevento, Norfolk, VA, for appellee. **ON BRIEF:** Helen F. Fahey, U.S. Atty., William G. Otis, Senior Litigation Counsel, Alexandria, VA, for appellant. Andrew M. Sacks, Michael F. Imprevento, Sacks, Sacks & Imprevento, Norfolk, VA, for appellee.

Before RUSSELL and MOTZ, Circuit Judges, and CHASANOW, United States District Judge for the District of Maryland, sitting by designation.

Reversed and remanded by published opinion. Judge RUSSELL wrote the opinion, in which Judge MOTZ and Judge CHASANOW joined.

## OPINION

DONALD RUSSELL, Circuit Judge:

This case presents the issue of whether a state prosecutor, in the context of plea negotiations, can threaten a criminal defendant with a more severe federal prosecution if the defendant refuses to plead guilty to the state charges and to cooperate with the police.

I

Nathaniel Williams was charged in the General District Court of the City of Virginia Beach, Virginia with two counts of distributing "crack" cocaine, a felony offense under Virginia law. On September 23, 1993, Williams and his defense attorney appeared for the preliminary hearing. The prosecutor, Michael Cummings, discussed the case with Williams's attorney and advised that he would refer Williams's case for federal prosecution unless Williams pled guilty to the two state charges and agreed to cooperate with the state. The prosecutor warned that federal prosecution would subject Williams to a much more severe mandatory minimum sentence.

Williams's attorney inquired as to the amount of cooperation the police would require of Williams. The prosecutor directed the attorney to Detective Robert Christian of the Virginia Beach Police Department, who explained that the state would expect Williams to make several undercover drug purchases, to testify before grand juries and in open court, and to disclose all information of any criminal activities known to him.

Williams's preliminary hearing was continued to October 7, 1993 to allow him time to consider the proposal. On that day, the

prosecutor repeated that he would refer Williams's case for federal prosecution unless Williams agreed both to enter guilty pleas to the state charges and to cooperate with the Virginia Beach police. However, Williams's attorney advised the prosecutor that Williams would not cooperate with the police because he feared for his safety and life, and the safety of his family.

The preliminary hearing went forward, and Williams's case was certified for consideration by the grand jury on November 1, 1993. However, on October 22, 1993, before the state grand jury had a chance to consider the case, a federal grand jury indicted Williams on two counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) for the same offenses that had been charged in state court. The state prosecutor, who was cross-designated as a Special Assistant United States Attorney, presented Williams's case to the federal grand jury.

Williams moved to dismiss the indictment on grounds of vindictive prosecution. On January 10, 1994, the district court filed an order dismissing the federal indictment. The district court reasoned that a criminal defendant has the right to enter an unconditional plea of guilty to charges in an indictment. The prosecutor, however, demanded that Williams plead guilty *and* cooperate with the police in order to avoid a more severe federal prosecution. According to the district court, Williams had the right to refuse to cooperate with the police and to enter an unconditional plea of guilty to the state charges. By referring Williams's case for federal prosecution, the prosecutor retaliated against Williams for exercising his lawful right to enter an unconditional plea to the state charges. According to the district court, the prosecutor's actions amounted to prosecutorial vindictiveness and violated Williams's Fifth Amendment due process rights.

After the district court denied the government's motion for reconsideration, the government appealed to this Court. The government argues that prosecutor's threats were constitutionally permissible in the context of plea bargaining and did not arise to prosecutorial vindictiveness under the Su-

preme Court's precedents. We agree with the government's position and reverse the district court's dismissal of the federal indictment against Williams.

## II

■ The Supreme Court has clearly stated that, where a criminal defendant exercises a procedural right and successfully attacks a criminal conviction, the state cannot retaliate against the defendant by seeking a harsher punishment upon retrial. "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort. . . ." *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978) (citation omitted). It is thus a violation of due process to penalize a criminal defendant for exercising his constitutional rights, *see United States v. Jackson*, 390 U.S. 570, 581, 88 S.Ct. 1209, 1216, 20 L.Ed.2d 138 (1968), or for pursuing a statutory right of appeal or collateral remedy, *North Carolina v. Pearce*, 395 U.S. 711, 723–24, 89 S.Ct. 2072, 2079–80, 23 L.Ed.2d 656 (1969). Due process requires that "vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Id.* at 725, 89 S.Ct. at 2080.

For the same reason, a prosecutor cannot reindict a convicted defendant on more severe charges after the defendant has successfully invoked an appellate remedy. *Blackledge v. Perry*, 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974). Even if the prosecutor does not have any actual retaliatory motivation in seeking a harsher indictment, such an indictment nonetheless constitutes a due process violation because due process requires that the criminal defendant be freed of even the apprehension of a retaliatory motivation on the part of the state. *Id.* at 28, 94 S.Ct. at 2102 (citing *Pearce*, 395 U.S. at 725, 89 S.Ct. at 2080).

In the pretrial setting, however, the Supreme Court has allowed prosecutors to threaten criminal defendants with harsher prosecution during plea negotiations and to carry out those threats if the defendants refuse to accept the prosecution's plea offers.

Although the state may not retaliate against a defendant for exercising his legal rights, "in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." *Bordenkircher,* 434 U.S. at 363, 98 S.Ct. at 668. In *Bordenkircher,* the Supreme Court held that there was no prosecutorial vindictiveness where a prosecutor, after the defendant refused to plead guilty to the original charges carrying a sentence of two to ten years imprisonment, indicted a defendant under a recidivist statute carrying a mandatory life term. *Id.* at 358–59, 365, 98 S.Ct. at 665–66.

■ A prosecutor's threats to seek a harsher indictment are constitutionally legitimate even though the prosecutor's goal in making those threats is to convince the defendant to waive his right to plead not guilty. "Plea bargaining flows from 'the mutuality of advantage' to defendants and prosecutors, each with his own reasons for wanting to avoid trial." *Id.* at 363, 98 S.Ct. at 668 (citing *Brady v. United States,* 397 U.S. 742, 752, 90 S.Ct. 1463, 1471, 25 L.Ed.2d 747 (1970)). "[A]cceptance of the basic legitimacy of plea bargaining necessarily implies rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process." *Id.* The main purpose of plea bargaining is to encourage a criminal defendant to plead guilty and give up his right to trial by offering a more lenient sentence if he pleads guilty or threatening harsher punishment if he refuses to plead guilty. A criminal justice system that tolerates and encourages plea negotiations must allow prosecutors to impose difficult choices on defendants even though the risk of more severe punishment may discourage a defendant from asserting his trial rights. *Id.* at 364, 98 S.Ct. at 668.

■ If a prosecutor brings additional charges after a defendant refuses to accept a plea bargain, a court cannot presume that the additional charges are an impermissible penalty for the defendant's refusal. *United States v. Goodwin,* 457 U.S. 368, 378–79, 102 S.Ct. 2485, 2491–92, 73 L.Ed.2d 74 (1982) (explaining *Bordenkircher*). The *Goodwin* Court explained:

> Since charges brought in an original indictment may be abandoned by the prosecutor in the course of plea negotiation—in often what is clearly a "benefit" to the defendant—changes in the charging decision that occur in the context of plea negotiation are an inaccurate measure of improper prosecutorial "vindictiveness." An initial indictment—from which the prosecutor embarks on a course of plea negotiation—does not necessarily define the extent of the legitimate interest in prosecution. For just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded.

*Id.* at 379–80, 102 S.Ct. at 2492 (footnotes omitted).

In *Goodwin,* the Supreme Court held that there is no presumption of prosecutorial vindictiveness where a prosecutor seeks a harsher indictment after a defendant asserts his right to a jury trial. The defendant was charged with several misdemeanors and petty offenses, and a trial was set before a magistrate judge. *Id.* at 370, 102 S.Ct. at 2487. Although the prosecutor initiated plea negotiations, the defendant refused to plead guilty and insisted on a trial by jury. *Id.* at 371, 102 S.Ct. at 2487. Because the magistrate could not conduct a jury trial, the state had to transfer the case to an assistant United States Attorney, who reviewed the case and brought a more severe indictment that included one felony count. *Id.*

The *Goodwin* Court cautioned against adopting a presumption of prosecutorial vindictiveness in the pretrial setting. The Court argued that a prosecutor's initial charges may not reflect the full extent to which an individual should be prosecuted. A prosecutor should have the discretion before trial to reevaluate the extent of society's interest in prosecution and to bring additional charges if they are warranted. *Id.* at 382, 102 S.Ct. at 2493. The Supreme Court explained:

In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has broader significance. At this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized. In contrast, once a trial begins—and certainly by the time a conviction has been obtained—it is much more likely that the State has discovered and assessed all of the information against an accused and has made a determination, on the basis of that information, of the extent to which he should be prosecuted. Thus, a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision.

*Id.* at 381, 102 S.Ct. at 2492–93. In the pretrial situation, then, a defendant must show that a prosecutor's decision to bring more severe charges against him was motivated by actual vindictiveness. *See id.* at 384, 102 S.Ct. at 2494 ("In declining to apply a presumption of vindictiveness, we of course do not foreclose the possibility that a defendant in an appropriate case might prove objectively that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do.").

■ Although *Bordenkircher* and *Goodwin* have made clear that a prosecutor, in the context of plea negotiations, can threaten to bring a more severe indictment against a defendant to pressure him into pleading guilty, the prosecutor's action in the case before us differs because Cummings, the prosecutor, threatened to bring the more severe charges if Williams did not plead guilty *and* cooperate with the police. Requiring Williams's cooperation in addition to the guilty plea, in the context of plea negotiations, does not raise the prosecutor's conduct to the level of prosecutorial vindictiveness.

■ It follows from *Bordenkircher* and *Goodwin* that a prosecutor, in the context of plea negotiations, may threaten a defendant with a more severe prosecution and carry out those threats if the defendant refuses to cooperate with the police in the criminal investigation of another person. A defendant's cooperation with the police is a legitimate concession for a prosecutor to seek during plea negotiations. Although the prosecutor may not retaliate against a defendant for exercising a legal right, in the give-and-take of plea bargaining, there is no element of retaliation as long as the defendant is free to refuse the government's demand of cooperation with the authorities. *See Bordenkircher,* 434 U.S. at 363, 98 S.Ct. at 667. Although a defendant has the right not to cooperate, a prosecutor may pressure a defendant to waive that right by threatening a more severe indictment. The right not to cooperate is certainly no more important than the right of an accused to a trial, and yet the Supreme Court has allowed prosecutors, during plea negotiations, to use the threat of a harsher indictment to pressure a defendant to plead guilty and thus waive his right to trial. *Id.* at 365, 98 S.Ct. at 669. If it is constitutionally permissible to use the threat of more severe punishment to encourage a guilty plea, certainly it is legitimate to use the same tactics to encourage a defendant to cooperate with the authorities in the criminal investigation and prosecution of another.

A prosecutor's threat to bring a more severe indictment if the defendant refuses to cooperate does not amount to vindictiveness as long as the defendant, should he refuse to cooperate, is not treated worse than he would have been if no plea bargain had been offered. *See United States v. Long,* 823 F.2d 1209, 1211 (7th Cir.1987) (citing *Bordenkircher,* 434 U.S. at 360–61, 98 S.Ct. at 666–67). However, a prosecutor in the pretrial setting should not be locked into the charges in his initial indictment, which might not represent the extent to which an individual is subject to prosecution. *Goodwin,* 457 U.S. at 382, 102 S.Ct. at 2493. Just as a prosecutor may forego legitimate charges in an effort to obtain the defendant's cooperation, a prosecutor may seek a more severe indictment if an initial expectation that the defendant would cooperate proves unfounded. *See id.* at 380, 102 S.Ct. at 2492. Thus, a court should not presume vindictiveness where a prosecutor

decides to bring more severe charges against a defendant who has refused to cooperate, even if the prosecutor is carrying out a threat made in plea negotiations. *See id.* at 381–82, 102 S.Ct. at 2492–93.

We conclude that Williams has not made out a claim for prosecutorial vindictiveness. Although due process requires that a criminal defendant remain free from even the apprehension of a retaliatory motivation on the part of the state, *Blackledge,* 417 U.S. at 28, 94 S.Ct. at 2102, Cummings's conduct did not rise to that level. Although Cummings threatened to refer Williams's case for a more severe federal prosecution if Williams did not agree to plead guilty to the state charges and to cooperate with the Virginia police, and carried out his threat when Williams refused to cooperate, the decision to seek a more severe indictment did not create the apprehension of a retaliatory motivation on the part of the State. In the context of plea bargaining, a prosecutor may legitimately threaten a more severe indictment in order to pressure a defendant to plead guilty and to cooperate with the police.[1]

Cummings could have referred Williams's case for federal prosecution without entering into plea negotiations. Federal prosecution was appropriate based on the amount of cocaine with which the defendant was involved. In his affidavit in support of the government's motion for reconsideration (after the district court dismissed the case), Cummings explained that he was going to refer Williams's case for federal prosecution be-

cause of the quantity of cocaine involved, but he held off because Detective Christian wanted to first determine whether Williams would cooperate. Unless the state received a concession such as cooperation, the state would normally have referred Williams's case for federal prosecution. Furthermore, even though Cummings referred Williams's case to the federal authorities after Williams refused to accept his demand that he cooperate with the Virginia state police, a standing committee of three senior Assistant United States Attorneys reviewed Williams's case and determined that federal prosecution was appropriate.[2] Williams was not entitled to a plea bargain, and Cummings could have referred the case to federal authorities without entering into plea negotiations. By offering Williams the option of pleading guilty to the state charges and cooperating with the police, Cummings gave Williams a chance to avoid federal prosecution. Although the plea offer took the form of a threat, Williams nonetheless gained an opportunity he would not have had if Cummings had referred the case to federal authorities without making the plea offer.

If the prosecutor had initially sought a federal indictment against Williams and then offered more lenient state charges if Williams pled guilty and agreed to cooperate, the prosecutor's actions would not have violated Williams's due process rights.[3] The prosecutor simply reversed his tactics by originally bringing charges under Virginia

---

1. Williams, furthermore, has not argued and cannot show that Cummings had an actual retaliatory motivation in referring Williams's case for federal prosecution.

2. Williams argues that these facts regarding the independent review of his case by the U.S. Attorney's Office were not initially presented before the district court and are in the record only because of a "belated" and "self-serving" affidavit of the prosecutor Cummings filed in support of the government's motion for reconsideration. Appellee's Br. 3. Instead, Williams makes the following speculations:

> Apparently, Prosecutor Cummings was satisfied (at the time he chose to initiate state criminal prosecutions) that the proper punishment to seek was that under Commonwealth of Virginia law and not under federal law. Prosecutor Cummings' motivation was to penalize the defendant, by this Federal prosecution

> (seeking more severe punishment[] ] solely because of the exercise by the defendant of his constitutional right *not* to cooperate
>
> ....

Appellee's Br. 8.

3. As a practical matter, the prosecutor could not have pursued this option. Under Virginia law, once a federal indictment is obtained, no indictment under Virginia law can be brought for the same crimes. Thus, the prosecutor could negotiate a plea bargain only by obtaining the state charges first and threatening a harsher federal indictment; he was foreclosed from pursuing the reverse tactic. Nonetheless, obtaining the federal indictment and offering a more lenient state charges if the defendant pled guilty and agreed to cooperate would not constitute a due process violation.

law and threatening more severe federal charges if Williams did not agree to cooperate. If the prosecutor could initially bring more severe charges and negotiate down to more lenient charges if the defendant cooperates, we see no problem allowing the prosecutor to bring more lenient initial charges and threaten to bring more severe charges if the defendant refuses to cooperate. *See Bordenkircher,* 434 U.S. at 360–61, 98 S.Ct. at 666 ("As a practical matter, in short, this case would be no different if the grand jury had indicted [the defendant] as a recidivist from the outset, and the prosecutor had offered to drop that charge as part of the plea bargain.").

We note that our decision is consistent with the law in at least three other circuits. *See United States v. Long,* 823 F.2d 1209, 1211 (7th Cir.1987) (prosecutor's obtaining of more severe indictment after defendant refused to cooperate with police did not arise out of prosecutorial vindictiveness because a defendant does not have a right to refuse to cooperate with authorities); *United States v. Oliver,* 787 F.2d 124, 125–26 (3d Cir.1986) (no prosecutorial vindictiveness where federal charges were brought because defendant failed to cooperate satisfactorily with local authorities); *see also United States v. Gardner,* 611 F.2d 770, 773 (9th Cir.1980) (government's decision to seek more severe indictment after defendant rejected offer to plead guilty to initial charges and to cooperate with police did not amount to vindictiveness because defendant was free to accept or reject the proposed offer).

## III

 The district court analyzed this case somewhat differently. It argued that a criminal defendant has the right to enter an unconditional plea of guilty to the charges on which he was indicted. According to the district court, "[a] defendant has the right to refuse to attempt to negotiate a bargain and may enter an unconditional plea to the full charges in the indictment. If a defendant enters a plea of guilty to the full indictment, the prosecution can require no more." Mem. Op. 9, J.A. 105. The district court reasoned that the only limitation on the defendant's ability to plead guilty is that the court must ensure that "the defendant is entering the plea willingly, freely and voluntarily, without threats or promises, except promises set out in writing, and with knowledge of the charge, and the consequences." *Id.* According to the district court, its discretion not to accept a defendant's guilty plea is limited: as long as the defendant enters his plea voluntarily and understands the nature of his charge and the consequences of his plea, the court must accept the plea. *See United States v. Delegal,* 678 F.2d 47, 50 (7th Cir.1982) (holding that the defendant was entitled to have his plea accepted absent a sound reason for rejecting the plea); *Graham v. Commonwealth of Virginia,* 11 Va.App. 133, 397 S.E.2d 270, 273–74 (1990). The district court concluded that Cummings, by threatening to indict Williams on more severe federal charges unless he agreed to cooperate with the police, impermissibly interfered with Williams's right to enter an unconditional plea of guilty to the state charges.

The hidden premise in the district court's argument is that once charges are brought against a criminal defendant, the defendant must have an opportunity to enter a plea on those charges. Williams never had a chance to plead guilty to the state charges because the prosecutor, in response to Williams's refusal to cooperate, obtained a federal indictment before the arraignment in state court. Under the district court's reasoning, a prosecutor is locked into the initial charges brought against a defendant and cannot seek more severe charges without first giving the defendant an opportunity to plead guilty to the initial charges.

The Supreme Court has already made clear, however, that a prosecutor is not bound by his initial assessment of the case embodied in the original charges. Before trial, the prosecutor's assessment of the proper extent of prosecution may not have crystallized, and the prosecutor should have the freedom to reassess the case and bring new charges if they are warranted. *See Goodwin,* 457 U.S. at 381, 102 S.Ct. at 2492. Even though a defendant has the option of pleading guilty to the charges on which he is indicted, the prosecutor can still withdraw

those charges before the arraignment and reindict on more severe charges. A defendant has the right to refuse to cooperate with the police, but a defendant does not have a right to hold the prosecutor to the original level of prosecution represented in the initial charges. Prosecutors are free to reexamine the appropriate level of prosecution before trial, and there is no presumption of vindictiveness if a prosecutor decides that the defendant's uncooperativeness warrants more severe charges.

### IV

For the foregoing reasons, we reverse the judgment of the district court. Because we hold that the prosecutor's actions did not amount to prosecutorial vindictiveness, we need not reach the issue of whether the district court's dismissal of the federal indictment was the appropriate remedy for the due process violation. We remand to the district court for further proceedings consistent with this opinion.

### *REVERSED AND REMANDED.*