# CIRCUIT COURT OF THE CITY OF WINCHESTER

Commonwealth of Virginia

v.

David E. Eisenhart

August 15, 1995

Case Nos. (Criminal) 95-204 to 95-216

BY JUDGE JOHN E. WETSEL, JR.

I have considered the defendant's motion to dismiss on the ground that the defendant's due process rights have been violated because he has been penalized by being reindicted on more serious charges after having refused to plead guilty, and I have decided to deny that motion for the following reasons.

## I. *Findings of Fact*

The following facts are found by the greater weight of the evidence.

In December 1994, the defendant was charged with nine felony and six misdemeanor warrants with issuing bad checks in violation of Virginia Code § 18.2-181.

On February 1, 1995, the felony matters were scheduled for preliminary hearing, and the misdemeanors were set for trial in the General District Court. Pursuant to an agreement between defense counsel and the Assistant Commonwealth's Attorney, the Commonwealth moved for an order *nolle prosequi* of the misdemeanor warrants and the defendant waived his right to preliminary hearing on the felony warrants. The felony warrants were certified to the next grand jury which met February 14, 1995.

Prior to the February 14, 1995, meeting of the grand jury, there were discussions between defense counsel and the Commonwealth with respect to entering a plea agreement whereby the defendant would plead guilty to a violation of § 18.2-181.1 of the Code of Virginia, under which all the offenses would be aggregated.

There were subsequent discussions between defense counsel and the defendant, but the defendant would not agree to plead guilty to the aggregate offense or to any individual offense. On February 13, 1995, the Commonwealth was advised of this fact.

On February 14, 1995, the defendant was indicted for the offense of issuing two or more checks within 90 days having an aggregate amount of $200 or more in violation of § 18.2-181.1, and, on the motion of the Commonwealth, the individual felony warrants which had been certified to the Circuit Court were dismissed.

On April 18, 1995, and again on May 1, 1995, defense counsel talked with the Commonwealth's Attorney and was advised that, if the defendant did not plead guilty to the aggregate check charge, the Commonwealth would nol pros the aggregate check charge and seek indictments for each one of the individual checks.

On May 2, 1995, the Commonwealth moved for an order *nolle prosequi* on the aggregate check charge, which was granted.

On May 9, 1995, the defendant was reindicted for eight felony offenses and five misdemeanor offenses of issuing bad checks in violation of § 18.2-181, and the defendant now moves to dismiss these charges.

## II. *Conclusions of Law*

The defense relies upon *Battle v. Commonwealth*, 12 Va. App. 624, 628-629, 406 S.E.2d 195 (1991), in which the Virginia Court of Appeals found that the defense had established objective proof that the Commonwealth's nolle prossing charges and then indicting the defendant on more serious charges was vindictive, and dismissed the more serious charges, stating:

> It is now well established that the "imposition of a penalty upon the defendant for having successfully pursued a statutory right . . . or collateral remedy would be . . . a violation of due process of law." *North Carolina v. Pearce*, 395 U.S. 711, 724 (1969).
>
> To punish a person because he has done what the law plainly allows him to do is a due process violation "of the most basic sort" . . . . For while an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right. *United States v. Goodwin*, 457 U.S. 368, 372 (1982) (citation omitted).

The Commonwealth relies upon *United States v. Williams*, 47 F.3d 658, 660-661 (4th Cir. 1995), in which the Fourth Circuit Court of Appeals held that the prosecutor, in plea negotiations, can threaten the defendant with more severe federal prosecution if the defendant refuses to plead guilty and cooperate with the police, stating:

> In the pretrial setting . . . [as opposed to post conviction proceedings], the Supreme Court [of the United States] has allowed prosecutors to threaten criminal defendants with harsher prosecutions during plea negotiations and to carry out those threats if the defendants refuse to accept the prosecution's plea offer. Although the state may not retaliate against a defendant for exercising his legal rights, "in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation as long as the defendant is free to accept or reject the prosecution's offer." *Bordenkircher*, 434 U.S. at 363.

In *United States v. Goodwin*, 457 U.S. 368, 102 S. Ct. 2485, 73 L. Ed. 2d 74 (1982), the Supreme Court declined "to apply a presumption of vindictiveness" to the prosecutor's actions at the pretrial stage. While there is no question but that the indictment process in this case has been unusual, there is no proof of prosecutorial vindictiveness as there was in *Battle v. Commonwealth, supra*, rather the mercurial nature of the charges derive from the give and take of the plea negotiations. The defendant has not been impermissibly penalized for refusing to plead guilty and exercising his constitutional right to trial by jury. Therefore, the motion to dismiss will be denied.