73 F.3d 358
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Albert ANDERSON, a/k/a World, Defendant-Appellant.
 No. 94-5447.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 9, 1995.
Decided: December 28, 1995.
 
 ARGUED: Martin Patrick Sheehan, Sheehan & Nugent, Wheeling, WV, for Appellant. Paul Thomas Camilletti, Assistant United States Attorney, Wheeling, WV, for Appellee. ON BRIEF: William D. Wilmoth, United States Attorney, Wheeling, WV, for Appellee.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and FABER, United States District Judge for the Southern District of West Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Defendant-Appellant, Albert Anderson, appeals the sentence he received upon pleading guilty to mail fraud and aiding and abetting in aid of racketeering. Specifically, Anderson argues his sentence should be vacated and the matter remanded to the district court for consideration of a downward departure predicated upon a reasonable fear of prosecutorial vindictiveness. For the reasons that follow, we affirm the district court's sentence as imposed.
 
 
 2
 * Anderson was named in one count of a seven-count indictment styled Criminal No. 92-00008-001, returned by a federal grand jury sitting in the Northern District of West Virginia on January 28, 1992. Count One of the indictment charged Anderson with violating 21 U.S.C. Secs. 841(a)(1) and 860 and 18 U.S.C. Sec. 2, by aiding and abetting in the distribution of cocaine base within 1,000 feet of a school.
 
 
 3
 On June 3, 1992, Anderson appeared before the Honorable Robert R. Merhige, Jr., United States District Judge for the Eastern District of Virginia, sitting by designation, in order to tender a plea of guilty to Count One. Anderson did not enter into a plea agreement with the government because he did not want to cooperate to testify; he simply pleaded guilty to the charge against him as contained in the indictment. At the conclusion of the plea hearing, Judge Merhige ordered the Probation Office to prepare a presentence report ("PSR") in accordance with established practice and scheduled the sentencing hearing for September 29, 1992. The PSR was submitted for comment in a timely manner and objections were filed thereto.
 
 
 4
 Prior to the sentencing hearing, Anderson was named in seven counts of a one hundred and twenty-three-count indictment styled Criminal No. 92-00180-008. Following an extended period of negotiations, on January 5, 1994, Anderson executed a written plea agreement wherein he agreed to plead guilty to Count One Hundred Seven, which charged him with mail fraud, 18 U.S.C. Sec. 1341, and Count One Hundred Thirteen, which charged him with aiding and abetting interstate travel in aid of racketeering, 18 U.S.C. Secs. 1952(a)(3) and 2.
 
 
 5
 The Honorable Frederick P. Stamp, Jr., United States District Judge for the Northern District of West Virginia, conditionally accepted the plea agreement subject to the court finding that the agreement satisfied the purposes of the sentencing provisions. As part of the agreement, the United States agreed, inter alia, to recommend that the remaining counts of the instant indictment, Criminal No. 92-00180-008, be dismissed and that Anderson's guilty plea to Count One of the original indictment, Criminal No. 92-00008, be vacated. After finding the agreement was fair to both parties, Judge Stamp ordered an independent PSR prepared with regard to the specific allegations in Criminal No. 92-00180-008.
 
 
 6
 The resulting PSR calculated Anderson's total offense level at 33, which included a two-level enhancement for firearm possession, see United States Sentencing Commission, Guideline Manual, Sec. 2D1.1(b)(1), and a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1(a) and (b). Anderson's extensive criminal conduct put him in Criminal History Category IV. Given Anderson's total offense level of 33 and his Criminal History Category of IV, the PSR determined his sentencing range to be between 151 and 188 months. However, the maximum statutory sentence was five years on each count, and, thus, the statutory maximum became the Guideline range. 18 U.S.C. Secs. 1341, 1952(a)(3) and 2. Counsel for the defendant submitted twenty objections to the PSR, including an objection to the two-level enhancement for use of a firearm as well as to the PSR's failure to recommend a downward departure for fear of prosecutorial vindictiveness.
 
 
 7
 At the sentencing hearing, the court ruled in favor of Anderson on the firearm enhancement, thereby reducing the total offense level by two points. However, the court overruled defendant's other substantive objections and adopted the PSR in all other respects. Accordingly, the court found that Anderson's total offense level was 31 and sentenced Anderson to five years as to Count One Hundred Seven and five years as to Count One Hundred Thirteen, to run consecutively. Anderson was also sentenced to three years of supervised release on each count, to run concurrently, and restitution in the amount of $1,500.00. Anderson appeals the sentence as imposed.
 
 II
 
 8
 Anderson's sole contention on appeal is that the district court failed to recognize and consider a downward departure for a reasonable fear of prosecutorial vindictiveness. Anderson argues that inasmuch as he refused to cooperate with authorities with regard to the original indictment and was thereafter charged in a subsequent indictment based upon the same information, he has a reasonable fear that the government retaliated against him as proscribed by the United States Supreme Court in North Carolina v. Pearce, 395 U.S. 711 (1969), and Blackledge v. Perry, 417 U.S. 30 (1974).
 
 
 9
 In Pearce, the Court held that due process requires that prosecutorial vindictiveness play no part in the sentence a defendant receives if granted a new trial based upon a successful challenge of his first conviction. Id. at 725. The Court further held that "since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation.... " Id.
 
 
 10
 To prevent such animus, the court ruled that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for him doing so must affirmatively appear." Alabama v. Smith, 490 U.S. 794, 797 (1989), citing Pearce, supra, at 726. Failure to do so gives rise to the Pearce presumption, that is, a presumption that a greater sentence has been imposed for improper vindictive purposes. Id. Such presumption can only be rebutted by objective information supporting the increased sentence. Texas v. McCullough, 475 U.S. 134, 142 (1986).
 
 
 11
 Having recognized that such a broad presumption could operate to block reasonable responses to criminal conduct, the court in Smith, supra, clarified the Pearce presumption and limited its applicability to those circumstances "where its objectives are most efficaciously served." Smith, at 801. "Such circumstances are those in which there is a reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." Id. However, if no such reasonable likelihood exists, the defendant bears the burden of proving actual vindictiveness. Id.; see also, Wasman v. United States, 468 U.S. 559 (1984).
 
 
 12
 In the case sub judice, the Pearce presumption is inapposite for two reasons. First, Anderson's sentence on the second indictment cannot be considered an "enhanced sentence" within the contemplation of Pearce since the original indictment was dismissed pursuant to a plea agreement and prior to disposition. Therefore, the sentence imposed herein could not have been increased in retaliation for, or in contemplation of, an appeal on the original indictment. Cf. United States v. Bello, 767 F.2d 1065 (4th Cir.1985) (sentence imposed upon remand after successful appeal more severe than that originally imposed); and United States v. Shavers, 820 F.2d 1375 (4th Cir.1987) (transcript disclosed a realistic likelihood that sentence was increased in anticipation of appeal).
 
 
 13
 Second, Anderson's sentence does not raise the Pearce presumption of vindictiveness because the original indictment against Anderson was part of the subject of his ultimate plea agreement which his counsel negotiated after the second indictment was returned. During plea negotiations and "[i]n the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance." United States v. Goodwin, 457 U.S. 368, 378 (1982). Hence, when it is applied during the plea bargaining phase and other pretrial proceedings, the Pearce rule must be flexible. As the Supreme Court soundly reasoned:
 
 
 14
 [C]harges brought in an original indictment may be abandoned by the prosecutor in the course of plea negotiation in often what is clearly a "benefit" to the defendant changes in the charging decision that occur in the context of plea negotiation are an inaccurate measure of improper prosecutorial "vindictiveness." An initial indictment from which a prosecutor embarks on a course of plea negotiation--does not necessarily define the extent of the legitimate interest in prosecution.
 
 
 15
 Id. at 379-380.
 
 
 16
 When the relevant conduct occurs during plea negotiations, the Pearce presumption does not apply and the defendant must show that a prosecutor's decision to bring more severe charges against him was motivated by actual vindictiveness. United States v. Williams, 47 F.3d 658, 662 (4th Cir.1995).
 
 
 17
 In this case, the appellant faces a slightly different situation than those charged in cases where the relevant conduct occurs during plea negotiations. Anderson's "relevant conduct" allegedly giving rise to the fear of vindictiveness was his refusal to cooperate with regard to the first indictment. Plea negotiations on that first indictment had been concluded by the time the United States indicted Anderson the second time. Anderson had been named in only one count of the original seven-count indictment; he had tendered a guilty plea on that one count and the court had conditionally accepted his plea and scheduled his case for sentencing. Anderson asserts that the second indictment may have been in retaliation for his refusal to cooperate with the government concerning the first indictment and the fact that he filed objections to the original PSR. There is, however, nothing in the record to support this argument other than speculation. It is at least as likely that the second indictment was the product of new information legitimately developed by the government in an ongoing investigation. In circumstances such as these, where there is no reasonable likelihood that the increased sentence was the result of actual vindictiveness, the burden remains upon the defendant to prove actual vindictiveness. Alabama v. Smith, 490 U.S. 794, 799 (1989). Here, Anderson has fallen far short of carrying that heavy burden.
 
 
 18
 Finally, Anderson claims that the district court erred in finding that it lacked the discretion to depart downward for a reasonable fear of prosecutorial vindictiveness. Anderson argues that Pearce and its progeny require that a defendant be free from any reasonable fear of prosecutorial vindictiveness and that the sentencing court has liberal discretion to depart downward if such a reasonable fear exists. How ever, the relevant case law does not support this proposition in any respect.
 
 
 19
 In any event, the sentencing court denied Anderson's motion for a downward departure for fear of prosecutorial vindictiveness on valid grounds, finding that the defendant had not shown sufficient evidence to justify a downward departure in this case. Such ruling evinces that the district court did indeed consider such a departure, but ultimately rejected Anderson's argument on its merits. Notwithstanding Anderson's argument to the contrary, nothing in the record suggests otherwise.
 
 
 20
 Accordingly, the sentence imposed by the district court is hereby
 
 
 21
 AFFIRMED.