**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4804**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WILFORD ANTONIO DRUMMOND,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  G. Ross Anderson, Jr., Senior
District Judge.  (7:09-cr-00030-GRA-2)

───────────

Submitted:  February 8, 2011        Decided:  March 16, 2011

───────────

Before WILKINSON, KING, and KEENAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

William W. Watkins, Sr., WILLIAM W. WATKINS, P.A., Columbia,
South Carolina, for Appellant.  Leesa Washington, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial on a superseding indictment, Wilford Antonio Drummond was found guilty of conspiracy to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2010) and 21 U.S.C. § 846 (2006) ("Count One"); possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) ("Count Two"); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006) and 18 U.S.C. § 924(a)(2), (e) (2006) ("Count Five"); and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (2006) ("Count Six"). Drummond was sentenced to 300 months' imprisonment, which consisted of the statutory mandatory minimum of 240 months on Counts One and Two (concurrent) and a consecutive sixty-month sentence on Count Six. The district court later amended the criminal judgment to correct an error in the special assessment.

Counsel has filed this appeal pursuant to Anders v. California, 386 U.S. 738 (1967), averring that there are no meritorious issues for appeal, but asking this court to review the district court's: (1) denial of Drummond's motion to suppress; (2) denial of trial counsel's request to present the

2

jury with evidence pertaining to Drummond's theory of vindictive prosecution; and (3) use of a prior conviction that arose from criminal conduct perpetrated when Drummond was a juvenile to support the enhanced statutory mandatory minimum. Although advised of his right to do so, Drummond did not file a pro se supplemental brief, and the Government has similarly declined to file a brief. For the reasons that follow, we affirm the district court's amended criminal judgment.

I.

Taken in the light most favorable to the Government, United States v. Lewis, 606 F.3d 193, 195 n.1 (4th Cir. 2010), the evidence adduced at the suppression hearing established the following facts. On June 17, 2008, Sergeant Joseph Pharis of the Spartanburg County Sheriff's Office swore an affidavit in support of a search warrant for the residence located at 321 Irby Road ("Irby Road residence"). Pharis based his warrant application on information he received from a confidential informant employed by the Sheriff's Office, whom Pharis testified was consistently reliable. A local magistrate judge approved the warrant.

The warrant was executed on June 26, 2008, nine days after it was issued. Five men were at the Irby Road residence that day, including Drummond and his co-defendant, Donald

3

Williams, Jr.  The search of the Irby Road residence yielded several firearms and approximately sixty-eight grams of cocaine base.  After reading the men their Miranda[1] rights, Pharis asked if anyone would claim responsibility for the contraband. Drummond admitted possession of the firearm that had been found in his bedroom and provided a handwritten statement to that effect.  Drummond also executed a written Miranda waiver.

Pharis testified that, shortly after Drummond executed this statement, Drummond's mother (Judith Boswell) arrived on the scene.  Pharis unequivocally denied threatening to arrest Boswell or telling Drummond that the police would charge Boswell if he did not claim possession of the firearm.  In denying Drummond's motion to suppress, the district court credited this testimony and thus rejected Drummond's contention that Pharis coerced him to give an inculpating statement by threatening to charge or arrest his mother.

On appeal, counsel concedes that whether Pharis coerced Drummond into providing a statement is an issue of fact, which this court reviews for clear error.  United States v. Day, 591 F.3d 679, 682 (4th Cir. 2010).  We find no error in the district court's ruling.  The court was well within its province to credit Pharis' testimony on this point.  See United States v.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

4

Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (explaining the deference this court affords the district court's credibility determinations, because "it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress" (internal quotation marks omitted)). Accordingly, we affirm the denial of Drummond's motion to suppress.[2]

## II.

We next consider whether the district court erred in prohibiting Drummond from presenting evidence to the jury pertaining to his theory of vindictive prosecution. Outside the presence of the jury, the district court permitted Drummond to question the case agent in charge, ATF Agent Heather Cox-McClain, regarding a meeting at which she, defense counsel, the Assistant United States Attorney ("AUSA"), and Drummond were present. Cox-McClain disavowed telling Drummond that he would not be prosecuted for the narcotics offenses if he pled guilty to the § 922(g) charge. In response to allegations by defense counsel, AUSA Leesa Washington also denied promising Drummond that no superseding indictment would be filed if he pled guilty.

---

[2] We also conclude that the record establishes that the search warrant was valid and supported by probable cause.

The district court thus denied Drummond's request to present this evidence to the jury.

We discern no error in the district court's ruling. This court has held that "[a] prosecutor's threat to bring a more severe indictment if the defendant refuses to cooperate does not amount to vindictiveness as long as the defendant, should he refuse to cooperate, is not treated worse than he would have been if no plea bargain had been offered." United States v. Williams, 47 F.3d 658, 662 (4th Cir. 1995); see also United States v. Wilson, 262 F.3d 305, 315 (4th Cir. 2001) (opining that a prosecutor's pretrial decisions "will rarely, if ever," give rise to a presumption of vindictiveness based on timing). Thus, as a matter of law, there was no basis from which to infer a vindictive motive for the prosecutor's decision to pursue a superseding indictment. Accordingly, the district court's denial of Drummond's request to pursue this line of questioning was more than proper.

III.

Finally, we review the basis for the twenty-year mandatory minimum sentences (concurrent) imposed on Counts One and Two. In the 21 U.S.C. § 851 (2006) information filed prior to trial, the Government identified that Drummond was convicted in 2001 of a felony drug offense. Thus, Drummond was on notice

6

of the Government's intent to pursue the enhanced statutory mandatory minimum authorized by 21 U.S.C.A. § 841(b)(1)(A).

According to his presentence report, Drummond was sixteen years old when he engaged in the criminal conduct underlying that conviction, but he pled guilty, two years later, in the General Sessions Court for Spartanburg County. Drummond argued that, because he was a juvenile at the time of the criminal conduct, this conviction could not be used to support the enhanced penalty. The district court disagreed, finding the fact that Drummond pled guilty in General Sessions Court established that he was convicted as an adult.

Counsel points to no authority to support the proposition that the district court erred in relying on this conviction, and we have found none. The Sixth Circuit, however, recently rejected this very argument, concluding that "[n]othing in § 841(b)(1)(A) indicates that a defendant's age at the time of his or her prior conviction is relevant to the application of § 841, but to the extent that it is, age would appear to matter if it was related to the process in which a defendant's prior conviction was obtained." United States v. Graham, 622 F.3d 445, 457 (6th Cir. 2010). The defendant in that case, like Drummond, was convicted and sentenced as an adult, although he was arrested as a juvenile. Id. Thus, the court ruled that the prior conviction was properly utilized to enhance the statutory

7

mandatory minimum.  Id. at 459.  We are persuaded by the rationale expressed in Graham and therefore conclude the district court properly relied on this conviction to impose the enhanced mandatory minimum sentence.

IV.

In accordance with Anders, we have thoroughly reviewed the entire record in this case and found no non-frivolous issues.  Accordingly, we affirm the district court's amended criminal judgment.  This court requires that counsel inform the client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED