**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4439**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

KHALIL SHAQUAN JORDAN,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00318-D-1)

Submitted:  April 28, 2021                      Decided:  May 28, 2021

Before KING, FLOYD, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christian E. Dysart, M. Linsay Boyce, DYSART WILLIS, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Khalil Shaquan Jordan pled guilty to a two-count superseding indictment charging him with possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1); and threatening to assault a federal officer, in violation of 18 U.S.C. § 115(a)(1)(B). Prior to entering his guilty plea, the Government filed a notice of its intent to file an information pursuant to 21 U.S.C. § 851, based on Jordan's prior conviction for a felony drug offense.

Although the presentence report ("PSR") recommended a reduction in Jordan's advisory Guidelines range for acceptance of responsibility, U.S. Sentencing Guidelines Manual § 3E1.1 (2018), the district court declined to apply the reduction, noting Jordan's violent behavior since his arrest. The court further noted that, in any event, Jordan would not be eligible for the acceptance of responsibility reduction because it believed— erroneously—that Jordan had also received an increase for obstruction of justice. Based on a total offense level of 34 and a criminal history category of VI, Jordan's advisory Guidelines range was 262-327 months' imprisonment. After addressing the relevant factors set forth in 18 U.S.C. § 3553(a), the district court sentenced Jordan to 264 months' imprisonment. The court noted that, even if it miscalculated Jordan's advisory Guidelines range, it would have imposed the same sentence. Jordan appeals.

Jordan claims, first, that the district court improperly denied him a reduction for acceptance of responsibility, both by rejecting the presentence report's recommendation of a two-level reduction and by failing to order the Government to seek a third-point reduction. We review the district court's denial of the acceptance of responsibility

2

adjustment for clear error. *United States v. Jeffery*, 631 F.3d 669, 678 (4th Cir. 2011). In doing so, we accord "great deference to the district court's decision because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007) (alteration and internal quotation marks omitted).

To earn a USSG § 3E1.1 reduction, "a defendant must prove to the court by a preponderance of the evidence that [he] has clearly recognized and affirmatively accepted personal responsibility for [his] criminal conduct." *United States v. Bolton*, 858 F.3d 905, 914 (4th Cir. 2017) (internal quotation marks omitted). Where a defendant's offense level is increased due to an obstruction of justice enhancement under USSG § 3C1.1, such conduct "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," and only in "extraordinary cases" will both adjustments under § 3C1.1 and § 3E1.1 apply. USSG § 3E1.1, cmt. n.4. In contrast, where no § 3C1.1 enhancement applies, the defendant must demonstrate his acceptance by only a preponderance of the evidence. *United States v. Harris*, 890 F.3d 480, 488 (4th Cir. 2018).

Here, the court explained, correctly, that Jordan's guilty plea alone was insufficient to warrant the reduction and found that, based on Jordan's continued criminal behavior, he had not accepted responsibility. *See Bolton*, 858 F.3d at 914-15 (noting that continued criminal conduct is inconsistent with acceptance of responsibility). Although the district court erroneously believed that the PSR assigned a § 3C1.1 enhancement, the transcript of the sentencing hearing reveals that the court rested its decision primarily, and independently, on Jordan's post-arrest conduct, noting his history of violent outbursts. We

3

find that the district court would have imposed the same sentence regardless of the error and, therefore, the error was harmless. *See United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014).

Next, Jordan argues that the Government's filing of the § 851 enhancement constituted prosecutorial vindictiveness because Jordan refused to cooperate. Because he pled guilty unconditionally, Jordan has waived this issue. *See Blackledge v. Perry*, 417 U.S. 21, 29–30 (1974) (holding that, when a criminal defendant enters a guilty plea, he may not then raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea); *United States v. Lozano*, 962 F.3d 773, 778 (4th Cir. 2020). Here, the record demonstrates that Jordan was aware of the prosecution's intent to file the § 851 enhancement before he entered his guilty plea.

In any event, Jordan's claim fails on the merits. In the plea-bargaining context, the Supreme Court has said that vindictiveness does not arise when the defendant is free to accept or reject the prosecution's offer. *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).

Jordan's attorney claimed that the Government told Jordan it would file a § 851 enhancement if Jordan chose not to cooperate. However, threats made to encourage a defendant to plead guilty or cooperate are "constitutionally legitimate." *United States v. Williams*, 47 F.3d 658, 661 (4th Cir. 1995). Therefore, we find that this claim is without merit.

Finally, Jordan claims that his sentence is both procedurally and substantively unreasonable. Jordan asserts that his sentence is procedurally unreasonable because, in addition to the alleged error in denying his reduction for acceptance of responsibility, the

district court failed to adequately explain his sentence. Specifically, Jordan asserts that the district court failed to respond to his attorney's argument that a 180-month sentence was sufficient to deter his criminal behavior and failed to adequately address Jordan's mental health issues.

In evaluating a sentencing court's explanation of a selected sentence, we consistently have held that, although the district court must consider the statutory factors and explain the sentence, "it need not robotically tick through the § 3553(a) factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted). "A sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a downward departure." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (alterations and internal quotation marks omitted). Although it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision, *United States v.*

*Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006), we will not "guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence," *Blue*, 877 F.3d at 521 (internal quotation marks omitted).

At sentencing, Jordan's counsel addressed in detail his history of mental health issues, some of which resulted from being shot in the face when he was 14, his low functional IQ, and his family and community support, and argued that a sentence of 180 months would be "sufficient but not greater than necessary to achieve the goals of sentencing." The sentencing transcript reveals that the district court made extensive findings regarding Jordan's personal history and relevant § 3553(a) factors, specifically addressing Jordan's mental health issues and his attorney's arguments for a lesser sentence. We find that the district court more than adequately explained its reasons for the sentence imposed and addressed Jordan's non-frivolous arguments.

Jordan also claims that his sentence is substantively unreasonable. Any sentence within or below a properly calculated advisory Guidelines range is presumptively substantively reasonable, and that presumption may only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). We find that Jordan cannot make such a showing.

Therefore, we affirm Jordan's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*