UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ROBERT C. PARSONS, JR.,
            *Defendant-Appellant.*

No. 02-4438

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-99-127-2)

Submitted: December 17, 2002

Decided: January 30, 2003

Before WILLIAMS, MOTZ, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

### COUNSEL

Carl J. Dascoli, Jr., MICHAEL R. CLINE LAW OFFICES, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Michael L. Keller, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert C. Parsons, Jr., appeals the 87-month sentence imposed following his plea of guilty to aiding and abetting in the possession with intent to distribute methamphetamine and marijuana. *See* 21 U.S.C. § 841(a)(1) (2000); 18 U.S.C. § 2 (2000). He asserts that the district court erred in denying him a reduction in his offense level based on acceptance of responsibility. We affirm.

Parsons admitted his criminal conduct early in the investigation, provided information which led to the initial arrests of others, and continued to cooperate with the authorities. However, while released on bond pending trial, Parsons was arrested on a petition to revoke his bond for new criminal conduct. The magistrate judge found that Parsons violated the conditions of his bond by committing a domestic assault and ordered him detained pending trial.

At sentencing, the district court overruled Parsons' and the government's objections to the presentence report and found that Parsons' continued criminal conduct after his arrest was inconsistent with accepting responsibility. The court thus denied Parsons a reduction to his offense level based on acceptance of responsibility.

To determine whether a defendant has shown an acceptance of responsibility, the court considers the factors set forth in the guideline provision. *See U.S. Sentencing Guidelines Manual* § 3E1.1(a). One factor is whether the defendant "voluntarily terminates or withdraws from criminal conduct or associations." USSG § 3E1.1, comment. (n.1(b)); *see United States v. Kidd*, 12 F.3d 30, 34 (4th Cir. 1993). A defendant who does not voluntarily withdraw from criminal conduct while on bond is not entitled to an adjustment for acceptance of responsibility. *See United States v. Cusack*, 901 F.2d 29, 32 (4th Cir. 1990). This is true even if the post-arrest criminal conduct is unrelated to the offense of conviction. *See United States v. Ceccarani*, 98 F.3d 126, 129-30 (3d Cir. 1996); *United States v. Byrd*, 76 F.3d 194, 197 (8th Cir. 1996) (collecting cases); *but see United States v. Morrison*, 983 F.2d 730, 733-35 (6th Cir. 1993) (finding that new unrelated criminal conduct should not be considered).

In this case, Parsons committed the criminal offense of domestic battery while he was on bond pending trial. He asserts that the domestic matter was a civil-not a criminal-matter, and that it was withdrawn prior to preparation of the presentence report. However, in terminating Parsons' bond and ordering him detained pending trial, the magistrate judge found that he committed new criminal conduct. Crediting this determination, the district court found that Parsons had not fully accepted responsibility. We find that this factual determination is not clearly erroneous. *See United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999).

Accordingly, we affirm Parsons' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*