**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4066

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES HOLLAND HELMS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:16-cr-00015-KDB-DCK-1)

Submitted:  September 23, 2022                    Decided:  October 14, 2022

Before RICHARDSON and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Holland Helms appeals from the revocation of his supervised release and the imposition of an eight-month sentence of imprisonment, followed by 24 months of supervised release. On appeal, Helms' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in failing to find that Helms' probation officer violated the confidentiality protections under 42 U.S.C. § 290dd-2 and 42 C.F.R. Part 2, and whether Helms' counsel was ineffective. Although advised of his right to file a supplemental pro se brief, Helms has not done so, and the Government has declined to file a brief. We affirm.

Because Helms did not raise the confidentiality issue in the district court, review is for plain error. "To establish plain error, [Helms] must show that (1) an error was made, (2) the error was plain, and (3) the error affected his substantial rights." *United States v. Nelson*, 37 F.4th 962, 966 (4th Cir. 2022). Even if we find an error affecting Helms' substantial rights, "we will exercise our discretion to correct such an error only if declining to do so would result in a miscarriage of justice or would otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). We have reviewed the record and conclude that there was no error in the district court's failure to find that Helms' probation officer violated 42 U.S.C. § 290dd-2 and 42 C.F.R. Part 2.

We "typically review ineffective assistance of counsel claims on collateral review," but will consider "such claims on direct review where the ineffectiveness of counsel

2

conclusively appears in the trial record itself." *United States v. Freeman*, 24 F.4th 320, 331 (4th Cir. 2022) (en banc) (internal quotation marks omitted). We have reviewed the record and conclude that counsel's ineffectiveness does not conclusively appear on the face of the record. Accordingly, any question Helms has about his counsel's effectiveness should be raised on collateral review.

We have reviewed the record and conclude that Helms' revocation sentence is procedurally and substantively reasonable. *United States v. Crudup*, 461 F.3d 433, 438-39 (4th Cir. 2006). Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform Helms, in writing, of the right to petition the Supreme Court of the United States for further review. If Helms requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Helms. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*