**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4048

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

CHRISTOPHER JASON OXENHAM,

> Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, Senior District Judge. (2:09-cr-00073-RAJ-FBS-1)

Submitted: September 12, 2022                    Decided: October 14, 2022

Before NIEMEYER and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Kirsten R. Kmet, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Joseph Attias, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia; E. Rebecca Gantt, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Jason Oxenham appeals an 18-month sentence imposed upon revocation of his supervised release. That sentence, Oxenham contends, is unconstitutional because it resulted in a total term of imprisonment that exceeds the statutory maximum for his underlying offense and a jury did not find him guilty of violating the conditions of supervised release. As Oxenham concedes, our review is for plain error only because he failed to challenge the constitutionality of his revocation sentence in the district court. *See United States v. Nelson*, 37 F.4th 962, 966 (4th Cir. 2022). We affirm.

Under 18 U.S.C. § 3583(e)(3), a district court may revoke a term of supervised release and impose a term of imprisonment if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." Oxenham's underlying 18 U.S.C. § 2252A(a)(5) offense was a Class C felony, *see* 18 U.S.C. § 3559(a)(3), so the court was authorized to impose a maximum revocation sentence of two years, *see* 18 U.S.C. § 3583(e). And because Oxenham had already served the statutory maximum 10-year term for his underlying § 2252A(a)(5) offense at the time his supervised release was revoked, Oxenham argues that his 18-month revocation sentence violates the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which states that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

To establish eligibility for relief on a forfeited error, Oxenham must show: "(1) an error was made, (2) the error was plain, and (3) the error affected his substantial rights."

2

*Nelson*, 37 F.4th at 966. With regard to the second factor, an error is plain if it is "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009). This Court has found that standard satisfied where the express language of a statute resolves the question or where controlling precedent at the time of appellate consideration recognizes the error. *United States v. Davis*, 855 F.3d 587, 595–96 (4th Cir. 2017).

Oxenham cannot establish that any error here was "clear or obvious." *Puckett*, 556 U.S. at 135. As an initial matter, Oxenham does not contend that the text of 18 U.S.C. § 3583(e) or 18 U.S.C. § 2252A resolves the question. Nor do the settled decisions of the Supreme Court or this Court establish that an error occurred here.

Instead, Oxenham cites reasoning in *United States v. Haymond*, 139 S. Ct. 2369 (2019), to argue that, absent a jury finding of the facts underlying a revocation sentence, *Apprendi* precludes aggregate original and revocation sentences that exceed the statutory maximum for the underlying crime of conviction. *Haymond* involved a constitutional challenge to 18 U.S.C. § 3583(k), which establishes a mandatory minimum five-year prison term for a supervised releasee who commits one of several offenses "without empaneling a jury . . . or requiring the government to prove his guilt beyond a reasonable doubt," *Haymond*, 139 S. Ct. at 2373 (plurality opinion). That "unusual provision," the Supreme Court concluded, violated the Due Process Clause and the Sixth Amendment right to a jury trial. *Id.* at 2378 (plurality opinion). At the same time, the plurality specifically limited its analysis to § 3583(k). *Id.* at 2382 n.7, 2383–84 (plurality opinion).

3

In this case, the district court did not specify whether it revoked Oxenham's supervised release under § 3583(e) or § 3583(g). In *United States v. Ka*, 982 F.3d 219 (4th Cir. 2020), this Court declined to extend *Haymond* to § 3583(e), citing "three unique aspects of § 3583(k) that distinguish it from § 3583(e)," as recognized by Justice Breyer in his controlling concurrence in *Haymond*:

> (1) § 3583(k) applies only to an enumerated list of federal criminal statutes; (2) it strips judges of the discretion to decide whether a violation of a condition of supervised release should result in imprisonment; and (3) it "limits the judge's discretion in a particular manner by imposing a mandatory minimum term of imprisonment of [five years]" upon the judge's finding that the releasee had committed one of the enumerated offenses.

*Ka*, 982 F.3d at 222 (quoting *Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring)). And in *United States v. Coston*, 964 F.3d 289 (4th Cir. 2020), we rejected, on plain error review, a constitutional challenge to § 3583(g), stating that "§ 3583(g) likely does not meet Justice Breyer's controlling test." *Coston*, 964 F.3d at 296.

Finally, although "it is possible for a district court to commit plain error even where, as here, there is no controlling authority from the Supreme Court or Fourth Circuit," *United States v. Green*, 996 F.3d 176, 185 (4th Cir. 2021), the consensus among other circuits that have considered the issue also weighs against Oxenham. Indeed, Oxenham's argument that *Apprendi* prohibits aggregate original and revocation sentences that exceed the statutory maximum for the underlying crime of conviction has been rejected by multiple circuits that have considered the issue post-*Haymond*. *See United States v. Moore*, 22 F.4th 1258, 1265–69 (11th Cir. 2022); *United States v. Childs*, 17 F.4th 790, 791–92 (8th Cir. 2021); *United States v. Henderson*, 998 F.3d 1071, 1078 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 810

4

(2022); *United States v. Salazar*, 987 F.3d 1248, 1261 (10th Cir.), *cert. denied*, 142 S. Ct. 321 (2021).

Even assuming an error occurred here, that error was not clear or obvious and thus not "plain." *See United States v. Ramirez-Castillo*, 748 F3d 205, 215 (4th Cir. 2014); *United States v. Maxwell*, 285 F.3d 336, 342 (4th Cir. 2002). Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*