**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4038

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY FOY, a/k/a Duke,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Thomas S. Kleeh, Chief District Judge. (1:19-cr-00031-TSK-MJA-1)

Submitted: October 28, 2022                    Decided: November 18, 2022

Before RICHARDSON, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant. Zelda Elizabeth Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Foy appeals his below-Guidelines range sentence after pleading guilty to aiding and abetting the distribution of heroin, in violation of 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1), (b)(1)(C).  On appeal, Foy's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but raising the issue of whether the district court erred in denying him a sentence reduction under U.S. Sentencing Guidelines Manual § 3E1.1 for acceptance of responsibility.  Foy has filed a pro se supplemental brief raising the issues of whether the Government breached the plea agreement by failing to recommend a reduction for acceptance of responsibility and whether the district court erred in finding his drug quantity.  We affirm.

We first consider whether the Government breached the parties' plea agreement. "Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted).  "While we employ traditional principles of contract law as a guide in enforcing plea agreements, we nonetheless give plea agreements greater scrutiny than we would apply to a commercial contract because a defendant's fundamental and constitutional rights are implicated when he is induced to plead guilty by reason of a plea agreement." *Id*. (internal quotation marks omitted).  "The government breaches a plea agreement when a promise it made to induce the plea goes unfulfilled." *United States v. Tate*, 845 F.3d 571, 575 (4th Cir. 2017).

Where, as here, the defendant "did not challenge the government's purported breach of the plea agreement before the district court, we review his claim for plain error." *Edgell*,

2

914 F.3d at 286. "Under that standard, [he] must show that the government plainly breached its plea agreement with him and that the breach both affected his substantial rights and called into question the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 286-87. We have reviewed the record and conclude that Foy fails to show that the Government plainly breached the parties' plea agreement. The Government's promise was expressly conditioned on the probation officer's recommendation. Because the probation officer did not make the recommendation, the Government was not obligated to do so.

We next consider Foy's sentencing claims. "We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Barronette*, 46 F.4th 177, 208 (4th Cir. 2022) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall*, 552 U.S. at 51). "If the Court 'find[s] no significant procedural error, [it] then consider[s] the substantive reasonableness of the sentence imposed.'" *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020).

"As is well understood, to meet the procedural reasonableness standard, a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). "When

3

considering the substantive reasonableness of a prison term, we 'examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a).'" *Arbaugh*, 951 F.3d at 176. A sentence within or below a properly calculated Guidelines range is presumed reasonable. *United States v. Devine*, 40 F.4th 139, 153 (4th Cir. 2022).

*Anders* counsel and Foy each assert a challenge to the district court's calculation of Foy's Guidelines range. "On a challenge to a district court's Guidelines calculations, we review legal conclusions de novo, factual findings for clear error, unpreserved arguments for plain error, and preserved arguments for harmless error." *United States v. Kobito*, 994 F.3d 696, 701 (4th Cir. 2021). We first consider whether the district court erred in denying Foy a reduction for accepting responsibility, which he preserved in the district court.

"Section 3E1.1(a) of the Guidelines provides for a two-level reduction '[i]f [a] defendant clearly demonstrates acceptance of responsibility for [an] offense.'" *United States v. Bolton*, 858 F.3d 905, 914 (4th Cir. 2017) (quoting USSG § 3E.1(a)). "To earn the reduction, a defendant must prove to the court by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *Id.* (internal quotation marks omitted). "If the defendant qualifies for a decrease under subsection (a)," the offense level may be further decreased by one level if additional conditions are met. USSG § 3E1.1(b).

"The commentary to the guidelines provides district courts with several factors to consider when evaluating whether a defendant has clearly demonstrated acceptance of responsibility." *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007). These factors

4

include not only whether a defendant has truthfully admitted the conduct comprising the offense of conviction and any additional relevant conduct, but also whether he has voluntarily withdrawn from criminal conduct. *See* USSG § 3E1.1 cmt. n.1. "Indeed, [e]ven unrelated criminal conduct may make an acceptance of responsibility reduction inappropriate." *United States v. Cooper*, 998 F.3d 806, 811 (8th Cir. 2021) (internal quotation marks omitted); *cf. Dugger*, 485 F.3d at 241-42 (denial of reduction for accepting responsibility affirmed based on criminal conduct that was not relevant conduct).

"We must give great deference to the district court's decision because [t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." *Dugger*, 485 F.3d at 239 (internal quotation marks omitted). We review the district court's decision concerning an acceptance-of-responsibility adjustment for clear error. *Id*. "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id*. (internal quotation marks omitted).

We have reviewed the record and conclude the district court did not clearly err in denying Foy an acceptance-of-responsibility reduction. After pleading guilty to the offense of conviction, Foy was released on bond. Despite being warned that any criminal conduct could result in further punishment and loss of a reduction for acceptance of responsibility, he drove a motorcycle without a valid license and while intoxicated; and his actions posed a danger to the safety of others. He also had a history of similar criminal conduct. While Foy admitted the offense, the district court reasonably concluded that his post-plea criminal conduct did not clearly demonstrate acceptance of responsibility under the Guidelines.

5

Finally, we consider Foy's pro se issue of whether the district court erred in finding his drug quantity and base offense level. "Under the Guidelines, '[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance.'" *United States v. Williamson*, 953 F.3d 264, 273 (4th Cir. 2020) (quoting USSG § 2D1.1 cmt. n.5). "District courts enjoy considerable leeway in crafting this estimate." *Id*. "Indeed, the court may 'give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support it.'" *Id*.

The Government bears the burden of proving drug quantity by a preponderance of the evidence. *United States v. Milam*, 443 F.3d 382, 386 (4th Cir. 2006). This burden can be met by a defendant's admission of facts. *Id*. at 387. Because Foy did not object to the drug quantity in the district court, we review for plain error only. *United States v. Nelson*, 37 F.4th 962, 966 (4th Cir. 2022). To establish plain error, Foy must show that (1) an error was made, (2) the error was plain, and (3) the error affected his substantial rights. *Id*. Even if he makes this showing, we will exercise our discretion to correct the error "only if declining to do so 'would result in a miscarriage of justice or would otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings.'" *Id*.

Foy agreed to a stipulated drug quantity in his plea agreement; and at his guilty plea hearing, he confirmed his agreement to the stipulation. Moreover, he cited his admission of relevant conduct to support his argument for an acceptance-of-responsibility reduction. The Government provided a statement to the probation officer in support of the stipulation; and while the probation officer's independent calculation of drug quantity was higher, she

6

found the stipulation was a fair and accurate representation of the drug quantity due to the inherent accuracies of historical information and absence of lab results for some of Foy's controlled buys. At sentencing, the district court noted the actual drug quantity was likely higher, but it had accepted the parties' stipulated drug quantity. In light of Foy's admission of the stipulated drug quantity, we conclude that he fails to show any plain error.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*