**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4239**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON GENE MASSEY,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:20-cr-00386-FDW-DSC-3)

---

Submitted:  August 26, 2024                    Decided:  October 16, 2024

---

Before RICHARDSON and BENJAMIN, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Gene Massey appeals the district court's judgment imposing a sentence below his Guidelines range after he pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. On appeal, Massey's attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal but raising the issues of whether the record conclusively shows ineffective assistance of counsel during the plea negotiation process; whether the Government engaged in misconduct to obtain the plea; and whether the district court erred in calculating his criminal history category. Massey was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

Massey first questions whether he was denied effective counsel during the plea negotiation process. Ineffective assistance of counsel claims are typically "litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial," *Massaro v. United States*, 538 U.S. 500, 505 (2003), but we will consider such claims "on direct review where the ineffectiveness of counsel 'conclusively appears in the trial record itself,'" *United States v. Freeman*, 24 F.4th 320, 331 (4th Cir. 2022) (en banc). To establish a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance was not objectively reasonable and (2) that counsel's deficient performance prejudiced him. *Freeman*, 24 F.4th at 326. When the claim is made on direct appeal, we review the claim de novo and "will reverse only if it '*conclusively appears in the trial record itself that the defendant was not provided . . . effective representation.*'" *Id*.

2

"[T]o be constitutionally valid, a plea of guilty must be knowingly and voluntarily made." *United States v. Paylor*, 88 F.4th 553, 560 (4th Cir. 2023) (internal quotation marks omitted). Rule 11 of the Federal Rules of Criminal Procedure "outlines the requirements for a district court plea colloquy, designed to ensure that a defendant 'understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant.'" *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023) (quoting *United States v. Vonn*, 535 U.S. 55, 62 (2002)). "The district court must also 'determine that the plea is voluntary and that there is a factual basis for the plea.'" *United States v. Taylor-Saunders*, 88 F.4th 516, 522 (4th Cir. 2023). "'[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established.'" *Id.*

We have reviewed the record and have determined that it does not conclusively appear in the record itself that Massey was not provided effective representation by his plea counsel. Moreover, the Rule 11 and sentencing hearings establish that Massey's guilty plea was knowing and voluntary and that there was a factual basis for his guilty plea. Accordingly, Massey should raise his claim, if at all, in a 28 U.S.C. § 2255 motion.

Massey next raises the issue of whether the Government engaged in prosecutorial misconduct by threatening him with additional charges and harsher punishment if he did not plead guilty. "When asserting a prosecutorial misconduct claim, a defendant bears the burden of showing (1) that the prosecutors engaged in improper conduct, and (2) that such conduct prejudiced the defendant's substantial rights so as to deny the defendant a fair trial." *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005).

3

"Before trial, the prosecutor's 'assessment of the proper extent of prosecution may not have crystallized,' and the prosecutor retains 'the freedom to reassess the case and bring new charges if they are warranted.'" *United States v. Villa*, 70 F.4th 704, 711 (4th Cir. 2023) (quoting *United States v. Williams*, 47 F.3d 658, 664 (4th Cir. 1995)). As we have explained, "the Supreme Court has allowed prosecutors to threaten criminal defendants with harsher prosecution during plea negotiations and to carry out those threats if the defendants refuse to accept the prosecution's plea offers." *Williams*, 47 F.3d at 660. "The main purpose of plea bargaining is to encourage a criminal defendant to plead guilty and give up his right to trial by offering a more lenient sentence if he pleads guilty or threatening harsher punishment if he refuses to plead guilty." *Id.* at 661.

We have reviewed the record and conclude that Massey has not shown any improper conduct by the Government. Massey testified under oath at his Rule 11 hearing that no one had threatened, intimidated, or forced him to enter his guilty plea; and he reaffirmed his answers to the district court at his sentencing hearing. Moreover, even assuming that the Government threatened additional charges or harsher punishment if Massey did not plead guilty, such threats do not constitute prosecutorial misconduct.

Finally, Massey questions whether the district court erred in calculating his criminal history category. Because Massey did not object to the calculation of his criminal history category in the district court, we review this claim for plain error. *See United States v. Miller*, 75 F.4th 215, 229 (4th Cir. 2023). To establish plain error, Massey "must show that (1) an error was made, (2) the error was plain, and (3) the error affected his substantial rights." *United States v. Nelson*, 37 F.4th 962, 966 (4th Cir. 2022). "Even then, we will

4

exercise our discretion to correct such an error only if declining to do so 'would result in a miscarriage of justice or would otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings.'" *Id*. We have reviewed the record and conclude that Massey fails to show any plain error by the district court affecting his substantial rights. The district court found he had 28 criminal history points, i.e., well above the 13 needed for a criminal history category VI. On appeal, Massey fails to point to any error in the calculation of his criminal history category, and we find none that is clear or obvious.[*]

Accordingly, we affirm the district court's judgment. This court requires that counsel inform Massey, in writing, of his right to petition the Supreme Court of the United States for further review. If Massey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Massey. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We note that after Massey was sentenced and his brief was filed on appeal, the Sentencing Guidelines were amended to reduce the number of status points for committing an offense while under a criminal justice sentence; but even after Amendment 821, he would have 27 criminal history points. In any event, the district court properly sentenced Massey based on the Sentencing Guidelines in effect at the time of sentencing; and even if he had raised this issue on appeal, we would decline to consider it without prejudice to him filing a motion under 18 U.S.C. § 3582(c)(2). *See United States v. McCoy*, 804 F.3d 349, 353 (4th Cir. 2015); *United States v. Brewer*, 520 F.3d 367, 373 (4th Cir. 2008).