**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

No. 24-4646

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES EARL HOLMES,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:21−cr−00228−MOC−SCR−1)

───────────────

Submitted:  April 13, 2026                                         Decided:  June 5, 2026

───────────────

Before AGEE, WYNN, and QUATTLEBAUM, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Melissa S. Baldwin, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Asheville, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Earl Holmes appeals a 110-month sentence imposed following his plea of guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). On appeal, he argues that the district court erred in denying him an offense-level reduction based on acceptance of responsibility under U.S.S.G. § 3E1.1 and in calculating his criminal-history category under U.S.S.G. § 4A1.2. We affirm.

"In assessing whether a sentencing court has properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo." *United States v. Edwards*, 128 F.4th 562, 565 (4th Cir. 2025) (quoting *United States v. Mitchell*, 120 F.4th 1233, 1237 (4th Cir. 2024)).

Section 3E1.1(a) of the Sentencing Guidelines provides for a two-level reduction "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). That demonstration requires the defendant to "prove to the court by a preponderance of the evidence 'that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct.'" *United States v. Bolton*, 858 F.3d 905, 914 (4th Cir. 2017) (quoting *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007)). The district court "may consider, in relevant part, (a) truthful admissions to the underlying offenses or related conduct; (b) voluntary withdrawal from crime; (c) voluntary and prompt surrender to authorities; and (d) the timeliness of the defendant's apparent acceptance of responsibility." *Id.* at 915.

The probation officer recommended denying Holmes a reduction for acceptance of responsibility based on his misconduct in jail after his arrest and his plea. While in

2

detention, incident reports show that Holmes stabbed a detention officer, repeatedly engaged in inappropriate sexual behavior in front of female detention officers, and threw an unidentified brown liquid at a jail employee.

Holmes objected, arguing that the sentencing court should not consider conduct that was unrelated to his underlying offense of firearm possession. He contended that he was entitled to a reduction for acceptance of responsibility based on his timely plea of guilty.

The district court overruled the objection, concluding that Holmes did not qualify for an offense-level reduction based on acceptance of responsibility because of his continued criminal conduct. Instead, the district court recognized Holmes's decision to plead guilty by granting him a downward variance from his guidelines range—a range that had already been reduced from an initial calculation of 262 to 327 months down to the statutory maximum of 120 months.

On appeal, Holmes argues that the district court erred by considering his misconduct in jail because that conduct was dissimilar to his conviction for possession of a firearm by a felon. "We have upheld denials of reductions for acceptance of responsibility where, as here, the defendant continues criminal activity after apprehension, indictment, or guilty plea." *Bolton*, 858 F.3d at 915. We have further stated that a "limitation to only 'similar' criminal acts . . . does not apply to the analysis of whether a defendant has accepted responsibility." *United States v. Nixon*, 130 F.4th 420, 429 n.2 (4th Cir. 2025); *see, e.g.*, *United States v. Parsons*, 57 F. App'x 565, 566 (4th Cir. 2003); *United States v. Warren*, No. 21-4203, 2023 WL 3562986, at *1 (4th Cir. May 19, 2023). And we have noted that "the weight of authority from other circuits is to the contrary" of Holmes's position. *United*

3

*States v. Slate*, 153 F.3d 724, 1998 WL 387256, at \*2 (4th Cir. 1998) (unpublished table decision).

Thus, the district court properly considered Holmes's jail misconduct in determining that he had not accepted responsibility for his offense. But any error would also be harmless because reducing Holmes's offense level from 35 to 33 would not have affected his guidelines range. *See United States v. Hoover*, 95 F.4th 763, 777 (4th Cir. 2024). That new calculation of 210 to 262 months, *see* U.S.S.G. § 5, Pt. A, would likewise have been lowered to the 120-month statutory maximum—the same guidelines range that the district court applied at sentencing. *See* U.S.S.G. § 5G1.1(a).

Holmes also argues that the district court erred in calculating his criminal history category when it applied points to a conviction outside of § 4A1.2's "applicable time period." U.S.S.G. § 4A1.2(e). Because Holmes did not object to this calculation before the district court, we review for plain error. *United States v. Nelson*, 37 F.4th 962, 966 (4th Cir. 2022). To prevail, Holmes "must show that 'an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights.'" *United States v. Henderson*, 159 F.4th 213, 221 (4th Cir. 2025) (quoting *United States v. Hamilton*, 701 F.3d 404, 410 (4th Cir. 2012)).

"A sentencing error affects a defendant's substantial rights only if, 'absent the error, a different sentence might have been imposed.'" *Id.* (quoting *United States v. Hernandez*, 603 F.3d 267, 273 (4th Cir. 2010)). Holmes can't satisfy this prong, because he hasn't shown that applying his proposed criminal history category of III instead of V would have changed his guidelines range. A criminal history category of III combined with an offense

4

level of 35 yields a guidelines range of 210 to 262 months, which, again, would have been reduced to the statutory maximum.[*] *See* U.S.S.G. § 5, Pt. A. Thus, even assuming error, Holmes cannot show that the alleged calculation error in his criminal history category would affect his substantial rights.

For these reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] The same would have been true even if Holmes was correct about both the errors he alleges on appeal. A criminal history category of III and an offense level of 33 yields a range of 168 to 210, which is still far above the statutory-maximum ceiling that provided the guidelines sentence here.

5